IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Hector Carballo,                        )
                                        )
                                        )    Civil Action No. 8:05-3276-GRA-BHH
                    Petitioner,         )
                                        )
v.                                      )    **REPORT OF MAGISTRATE JUDGE**
                                        )
John J. LaManna,                        )
                                        )
                    Respondent.         )
_____     )

The plaintiff, a pro se prisoner, has filed a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241.  This matter is before the Court on the respondent's motion

to dismiss, or alternatively, to transfer venue to Florida.[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review

posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on November 29, 2005.  On March 2,

2006, the respondent moved to dismiss or transfer venue to Florida.  By order filed March

3, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was

advised of the summary judgment dismissal procedure and the possible consequences

---

[1]The docket reflects that a motion to transfer was also filed by the petitioner.  (Docket Entry # 12.)  However, it appears that the petitioner did not move to transfer the case but was merely responding to the respondent's motion to transfer. (*Id*.)  The petitioner actually objects to the respondents' motion to transfer.  However, he requests he be transferred if the court grants the respondents' motion. (*Id*.)

if he failed to adequately respond to the motion.  On April 24, 2006, the petitioner filed a response.

## FACTS PRESENTED

The petitioner is a Florida State prisoner currently being housed in the Federal Correctional Institution at Edgefield ("FCI-Edgefield").  (Pet. at 2.)[2]  The plaintiff was convicted of 2nd degree murder and sentenced to life.  He is also serving an 18 month sentence for escape.

In his habeas petitioner, the petitioner names as the only respondent John J. LaManna, the warden of FCI-Edgefield.  The petitioner is challenging a decision made by the Florida Parole Commission ("Commission")regarding his parole eligibility.

## APPLICABLE LAW

A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), Federal Rules of Civil Procedure, tests the sufficiency of the pleading. In reviewing such a motion, the court is required to construe the complaint liberally and presume all factual allegations of the complaint to be true and all reasonable inferences made in favor of the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any circumstances which could be proved to support his position.  *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989).  Additionally, the Federal

---

[2]18 U.S.C. 5003 authorizes the Bureau of Prisons ("BOP") to contract for the boarding of state prisoners in federal institutions.

2

Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  Although a dismissal pursuant to Rule 12 is disfavored, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

The respondent contends this case should be dismissed or, alternatively, transferred to Florida.  The petitioner disagrees but seeks a transfer to Florida State custody if the respondent's motion is granted.  (Docket Entry # 14-3.)

### JURISDICTION

The respondent contends the Florida Parole Commission is the party with authority to effect the petitioner's release from custody and therefore respondent LaManna should be dismissed or, alternatively, the case should be transferred to Florida and the Florida Parole Commission substituted as the respondent.

"The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction.  A district court has subject matter jurisdiction over a habeas corpus petition alleging a violation of federal law under federal question jurisdiction." *Dunne v. Henman*, 875 F.2d 244, 248-50 (9th Cir.1989) (citations omitted).  The issue is "whether a district court without personal jurisdiction over a person's

3

custodian, outside its territorial limits, would have the power to enforce its orders." *Id*. "[T]he court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody . . . because [t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Vasquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000) (citations and quotation omitted). The custodian, in most cases, "is the person having a day-to-day control" over the petitioner, because he "is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (holding that the Parole Commission was not the custodian despite its power to release the petitioner).

The respondent citing several cases contends that the Florida Parole Commission is the prisoner's true custodian.[3]  (Resp. Mem. Supp. Mot. to Dismiss at 3-4.)  However, the cases cited by the respondent were decided prior to the Supreme Court's decision in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In *Padilla*, the Supreme Court articulated a bright-line rule governing so-called "core habeas petitions" or those challenging the present physical confinement of the petitioner. The Supreme Court held in those cases "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the

_____

[3]The respondent cites: *Balboa v. Sizer,* 899 F.Supp. 186, 188 (S.D.N.Y. 1995)(holding where petitioner was incarcerated in federal prison in New York at direction of U.S. Marshal for Middle District of Pennsylvania, Marshal was "true custodian" and New York warden merely acted as agent);  *Dunne v. Henman*, 875 F.2d 244, 248 (9th Cir.1989) ("Under *Braden*, the 'true custodian' is the official in the state whose indictment or conviction is being challenged.");  *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir.1986) (holding petitioner who was sentenced in Nebraska and confined in Nevada pursuant to ICC was in custody of Nebraska for purposes of challenging conviction).  (Resp. Mem. Supp. Mot. to Dismiss at 3-4.)

4

prisoner is being held, not the Attorney General or some other remote supervisory official." *Id*. at 439.   The Supreme Court noted that identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged "custody." *Id*.  The Supreme Court held that "[i]n challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent. If the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition."   *Id*. Just as the state itself, its attorney general, and its director of corrections are not considered custodians, neither is the parole commission.[4]

While the court notes that the district courts in Florida have personal jurisdiction over the Florida Parole Commission and the matter will eventually be decided based on Florida law, the court is constrained by the Supreme Court's decision in *Padilla*, which held the only proper custodian is the petitioner's warden.   Accordingly, this habeas action should not be transferred to Florida.

STANDING

The respondent also contends the petitioner lacks standing because he relies upon the United States Parole Guidelines and the Sentencing Reform Act which are inapplicable

---

[4]The custodian, in most cases, "is the person having a day-to-day control" over the petitioner, because he "is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (holding that the Parole Commission was not the custodian despite its power to release the petitioner).

to state prisoners.  (Resp. Mem. Supp. Mot. to Dismiss at 4.)  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Despite the petitioner's reliance on law which is inapplicable to state prisoners and construing his petition liberally, clearly he can bring this habeas action to challenge the determination of his parole eligibility.  Whether the petition is meritorious is not currently before the court.  Accordingly, the respondent's motion to dismiss should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion to Dismiss, or alternatively, to Transfer Venue be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 30, 2006
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**