UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Hector Carballo, | ) | |
| | ) | C/A No. 8:05-3276-GRA-BHH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| John J. LaManna, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner filed an action pursuant to 28 U.S.C. § 2241 on November 29, 2005. Respondent filed a motion to dismiss, or in the alternative, to transfer venue to Florida, on March 2, 2006. On September 27, 2006, the magistrate issued a Report and Recommendation and recommended denying both Respondent's Motion to Dismiss, and Respondent's Motion in the Alternative to Transfer Venue. For the following reasons, the Court rejects the recommendation of the magistrate and grants Respondent's motion to transfer this case to Florida.

Petitioner brings this motion *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed

1

by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the Report and Recommendation on September 28, 2006. However, after reviewing Petitioner's filing, it is apparent that Petitioner does not object but concurs to the Report and Recommendation issued by the magistrate. Therefore, his motion will not be addressed.

## **BACKGROUND**

In 1982, Petitioner was convicted and sentenced by the 11th Judicial Circuit, Dade County, Florida, for second degree murder. He later received an additional sentence by the State of Florida for escape. In 2003, Petitioner was transferred from a Florida state prison to the Federal Correctional Institution in Edgefield, South

Carolina. The State of Florida contracted with the Federal Bureau of Prisons pursuant to 18 U.S.C. § 5003 to board Petitioner at FCI Edgefield. Notes in Petitioner's file indicate that his relocation may be due to the damage and destruction of some Florida prisons after several hurricanes hit the state. Therefore the Bureau of Prisons is merely holding the prisoner for the state of Florida until it is able to find prison space for him again. So essentially, Petitioner is a state boarder being held in federal prison based on a contract between the State of Florida and the Bureau of Prisons. Petitioner at all times has remained a Florida state prisoner.

## **ANALYSIS**

The magistrate judge recommended denying the respondent's motion to dismiss and denying the respondent's motion in the alternative to transfer venue to Florida. The magistrate judge largely based this recommendation on the United States Supreme Court decision in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). *Rumsfeld* clearly establishes "the *general* rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443 (emphasis added). However, this Court disagrees with the magistrate judge's recommendation that this "bright-line rule" is applicable to the present facts.

In *Rumsfeld*, the respondent detainee was in custody as a suspected terrorist and "enemy combatant." *Id.* at 430. The President ordered the Secretary of State, Rumsfeld, to move the detainee from federal custody in New York to military custody in North Charleston, South Carolina. *Id.* at 431. The detainee sought habeas relief in

New York where he was originally detained. *Id.* at 432. The Supreme Court held the detainee should have filed his petition in South Carolina, where he was currently being held and where his immediate custodian was located. *Id.* at 451. At all times, the detainee was in federal custody for alleged violations of federal law. In adhering to the general rule that the proper respondent in a habeas petition is the warden of the facility where the prisoner is being held, the Supreme Court noted that, in this particular case, the "detention [was] not unique in any way that would provide arguable basis for a departure from the immediate custodian rule." *Rumsfeld,* 542 U.S. at 442.

When comparing the facts of *Rumsfeld* to the facts in the present case, this Court is of the opinion that the facts in the present case are so unique as to justify a departure from the general rule. *See id.* Though petitioner in this case is detained in a federal prison, he was never convicted in a federal court or sentenced to federal charges. The sole connection the petitioner has with this Court is that he is incarcerated at FCI Edgefield under 18 U.S.C. § 5003. Therefore, the general rule in *Rumsfeld* that jurisdiction can only be proper in this Court is not applicable in a situation such as this one. The uniqueness of this situation provides a substantial basis for departing from the immediate custodian rule.

Petitioner seeks immediate release from custody or reconsideration of an adverse parole decision. The Florida Parole Commission reviewed Petitioner's parole status, not this Court. Therefore, this Court has no authority or ability to grant the relief requested by Petitioner. Despite the holding in *Rumsfeld*, this case should have been brought against the Attorney General of Florida or the Florida Parole Commission.

4

These parties are the only entities with the ability to afford the relief that petitioner seeks. This Court has no control or authority in the area of parole in the State of Florida. *See Colbeth v. Civiletti*, 516 F. Supp. 73, 76 (S.D. Ind. 1980) (explaining that "the Federal Government, who is merely the custodian, has no authority in the area of parole" for a state prisoner in federal custody pursuant to 18 U.S.C. § 5003).

## CONCLUSION

In ruling that this Court is unable to grant the relief requested by the petitioner, this Court holds that the Attorney General for the State of Florida and/or the Florida Parole Commission are the more proper respondents in this action. As this Court does not have, and cannot obtain, personal jurisdiction over the true respondents in this case,[1] this case is hereby transferred to the Northern District of Florida.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November 6, 2006

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of

---

[1] *See Norris v. Georgia*, 522 F.2d 1006, 1009 n.2 (4th Cir. 1975)("Absent such authorization by a specific federal statute, the court has no 'blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"(citations omitted)).

5

Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.